UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JAMES THOMAS,

    Plaintiff,

vs.

CASE NO. 9:19cv_____-_____

SERGEANT COREY ARMSTRONG,
in his individual capacity, JOHN DOE,
and JANE DOE,

    Defendants.

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

PLAINTIFF JAMES THOMAS, (hereinafter "Plaintiff," or "Thomas"), proceeding in forma pauperis (*Pro-se*), files this Verified Complaint and Demand for Jury Trial against DEFENDANTS SERGEANT COREY ARMSTRONG, a Correctional Officer employed at Dade Correctional Institution located in Florida City, Florida, in his individual capacity (hereinafter "Defendant" or "Sgt. Armstrong") and, other yet to be named Defendants and alleges:

## INTRODUCTION

1. This is an action for compensatory, punitive, emotional and mental damages alleging that the Defendant(s), contrary to the Eighth and Fourteenth Amendments to the United States Constitution, knowingly and willfully in a maliciously and sadistically manner exercise excessive force wantonly against plaintiff causing permanent, irrevocable and irreparable physical disfigurement injury resulting directly and only from the Defendants' use of force that was clearly excessive to the need that is a constitutionally impermissive and invalid exercise of delegated authority of his employment with the Department of Corrections constituting deliberate indifference to well established law that is repugnant to the conscience of mankind under color of state law.

## JURISDICTION

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the constitution and laws of the United States.

3. Jurisdiction is also invoked pursuant to 28 U.S.C. § 1343(a)(3) and Florida Statutes § 768.28(14), in that this action seeks to redress the

2

deprivation, under color of state law, of rights secured to Plaintiff Thomas by the Eighth and Fourteenth Amendments to the United States Constitution.

4. Plaintiff's claims for relief are predicated on 42 U.S.C. § 1983 which authorized actions to redress the deprivations, under color of state law, of rights privileges and immunities secured to Plaintiff Thomas by the Constitution and Laws of the United States and Florida and, by 42 U.S.C. § 1988 which authorizes the award of attorney fees and costs to the prevailing plaintiff in actions brought pursuant to 42 U.S.C. §1983.

5. Plaintiff has exhausted his administrative remedies.

## PARTIES

6. Plaintiff, JAMES THOMAS (hereinafter "THOMAS" or "Plaintiff"), at all times material to this action is and was a resident of Miami, Dade County, Florida, incarcerated at Dade Correctional Institution, Florida City, Florida.

7. The Defendants are:

| | |
|---|---|
| Defendant's name: | Corey Armstrong |
| Official position: | Sergeant |
| Employed at: | Dade Correctional Institution |
| Mailing address: | 19000 S.W. 377th Street |
| | Florida City, Florida 33034 |

3

| | |
|---|---|
| Defendant name: | John Doe |
| Official position: | yet to be determined |
| Employed at: | yet to be determined |
| Mailing address: | yet to be determined |
| | |
| Defendant name: | Jane Doe |
| Official position: | yet to be determined |
| Employed at: | yet to be determined |
| Mailing address: | yet to be determined |

8.  At all times material to this action Defendant(s) were acting under color of state law.

## STATEMENT OF FACTS

9.  On May 1, 2016, Defendant Sgt. Armstrong called plaintiff to the fence behind Dade Correctional Institution property room located in zone two which is accessible to inmates. Sgt. Armstrong stated he is going to lock plaintiff up for threatening to kill somebody.

10. Plaintiff asked Sgt. Armstrong who's he supposed to kill and Sgt. Armstrong stated Inmate Cooper, who's a Muslim, who Plaintiff gave a bag of coffee to.

11. Inmate Cooper and Plaintiff gave each other daps (fist bumped) and started to go their separate ways laughing.

4

12. As Plaintiff started to walk away Sgt. Armstrong jumped on Plaintiff's back and wrapped his legs around Plaintiff's waist . . . causing Plaintiff to fall and hit his head on the asphalt and dirt making Plaintiff dizzy and disoriented for a few minutes.

13. During the altercation, Sgt. Armstrong picked Plaintiff up from behind and slammed him face down. In this violent assault, Sgt. Armstrong pinned the Plaintiff to the ground by placing his knee in Plaintiff's back causing asphalt and dirt to get into the cuts and abrasions on both of Plaintiff's legs.

14. Sgt. Armstrong did not make a written report nor call for a videoing of the use of force to his superior officers as is required in use-of-force incidents.

15. Sgt. Armstrong placed Plaintiff in administrative confinement (A/C), with no administrative mandated disciplinary report, and no disciplinary confinement (D/C) charge.

16. About four (4) days later, Plaintiff was served a Disciplinary Infraction Report (D.R.) for disorderly conduct.

17. In order to cover up his wrong doing, Sgt. Armstrong lied to Acting-Captain Pevy about the incident in order to have plaintiff placed on ten (10) days D/C confinement.

18. While in D/C confinement, the cuts and abrasions in both Plaintiff legs became infected and gangrene set in. The infections were the direct result from the use of force by Sgt. Armstrong which was objectively unreasonable and clearly excessive for the situation.

23. On May 27, 2016, Plaintiff was taken to Larkin Community Hospital where surgery was performed to treat Gangrene in both legs.

24. The doctor at Larkin Community Hospital told Plaintiff he would die if he didn't have the amputation operation on both legs. The doctor then amputated plaintiff's right leg just below the buttock and his left leg below the knee.

25. The gangrene which required the amputation of both of Plaintiff's legs was a direct result of the use of force by Sgt. Armstrong.

26. Plaintiff has suffered and continues to suffer from emotional injury arising out of the amputation of his legs. Plaintiff has experienced

6

mood swings and loss of self worth, since the assault by Sgt. Armstrong and the amputation of both of his legs.

27. Defendant Sgt. Armstrong is now sued in his individual capacity.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

28. In the first week of May 2016 while in confinement Plaintiff filed his first informal grievance by placing it in his confinement cell door for pickup by Ms. Howard who is a Classification Officer at that time.

29. Sgt. Perez and Officer Smart were confinement officers working confinement on that date. Plaintiff watched as his grievance was picked up from his cell door and placed into Ms. Howard's hands who, in turn, placed Plaintiff's grievance into the box for that purpose. This grievance however was never responded to nor issued a tracking and logging number.

30. Plaintiff is untrained in law and has only a 10th grade education, so he waited for his grievance to be investigated and responded to because this is what staff told him to do when he wrote 5 Inmate Requests seeking outcome of his grievance.

31. On May 28, 2019, Plaintiff filed his second informal grievance about Defendant Sgt. Armstrong arguing, inter alia, that Defendant did not

7

report the incident of his excessive use of force to his superior officers of which ultimately led to Plaintiff caught Gangrene in both legs which had to be amputated at Larkin Hospital or Plaintiff would lose his life. See Exhibit – in Appendix, Grievance Nbr. 463-1904-0219.

33. On June 3, 2019, Plaintiff's informal grievance was denied based on FDC stating Plaintiff grieved a matter beyond the control of the Department.

33. On June 9, 2019, Plaintiff filed his appeal at the institutional level on informal grievance nbr. 463-1905-0219 and on June 13, 2019, the formal grievance was approved for investigation by the Inspector General's Office for FDC. Therefore, no appeal would need to be filed. This concludes Plaintiff's exhaustion of his administrative grievance remedies. See Exhibit – in Appendix, grievance nbr. 1906-463-055.

8

## CAUSES OF ACTION

### COUNT I - 42 U.S.C. § 1983 CLAIM AGAINST SERGEANT COREY ARMSTRONG IN HIS INDIVIDUAL CAPACITY

34. THOMAS hereby realleges and incorporates by reference the allegations contained in paragraphs 9 through 27 above, as if set forth in full herein.

35. Defendant Sgt. Armstrong had an ethical as well as a constitutional duty to treat Plaintiff in a humane and professional manner as a condition of his employment wit the Department of Corrections pursuant to Ch.: 33-2018.001 and 33-208.002(1), (8), (10), (12), (19) and (24) F.A.C. which is authorized by 20.1315 and employed by § 944.09 Florida Statutes, and Ch.: 33-602.101 F.A.C. '[Rules of conduct and care of inmates, respectively.]"

36. Chapter 33-208.001 and 002 is the Rules of Conduct for Sgt. Corey Armstrong to follow while acting under color of state law. Specifically, subsection (1) states "Each employee shall keep himself completely familiar and comply with all such rules and regulations during his employment." Sec. (8) states "[No] employee shall willfully or negligently treat an inmate in a

cruel or inhuman manner, under the employees supervision." This includes the Defendant, Sgt. Armstrong.

37. As explained in paragraphs 1-17, pages 3-6 of Plaintiff's Statement of Facts, Plaintiff suffered permanent, irrevocable and irreparable injury which resulted directly and only from the use of force that was clearly excessive to the need with a state of mind exhibiting a knowing and willful use of force in a maliciously and sadistically wanton manner constituting deliberate indifference to Plaintiff's rights secured to THOMAS by the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment that was objectively unreasonable and constitutionally impermissible under the circumstances where Plaintiff posed no threat to the safety of Defendant Sgt. Armstrong or others and he was not actively resisting arrest or attempting to evade a legal arrest by flight.

38. In Plaintiff's four corners of his Complaint's Statement of Facts he is showing objective evidence Plaintiff received an injury directly and only from Defendant's excessive use of force and subjectively evidence that Defendant acted with deliberate indifference to well established Florida Department of Corrections Rules which are statutory in nature and deliberate

indifference to the rights secured to Plaintiff by the United States Eighth Constitutional Amendment.

39. Plaintiff has suffered, and continues to suffer emotional and mental injuries stemming from the loss of his legs and having to be confined permanently to a wheelchair because of Defendant Sgt. Corey Armstrong's unwarranted use of excessive force on Plaintiff Thomas.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff JAMES THOMAS, respectfully prays this Honorable Court for entry of judgment awarding him the following relief:

A. A declaration that the acts and omissions of Defendants described herein violated THOMAS' Eighth Amended protection to be free from cruel and unusual punishment through the exercise of deliberate indifference by use of invalid excessive force.

B. Compensatory damages against Sgt. Corey Armstrong in his individual capacity.

C. Punitive damages against Sgt. Corey Armstrong in his individual capacity.

11

D.  And any unnamed defendants as may be amended heretofore as in A through C of this Prayer for Relief.

E.  Recovery of all fees and costs incurred in this action.

F.  Any further relief the Court deems proper and equitable.

Plaintiff respectfully demands a jury trial on all issues so triable.

## VERIFICATION

I affirm under penalty of perjury that the foregoing document is true and correct to the best of my personal knowledge, information, and belief.

*James Thomas* (signature)
James Thomas, DC #015712

+ J. T. +

Respectfully submitted,

*Gary Lee Printy* (signature)
GARY LEE PRINTY
FL BAR ID NO. 363014
Gary Lee Printy Attorney at Law
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone (850) 877-7299
FAX (850) 877-2211
Email: attygaryprinty@gmail.com

Attorney for Plaintiff,
JAMES THOMAS, DC#015712