## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 19-23793-Civ-WILLIAMS/TORRES

JAMES THOMAS,

       Plaintiff,

v.

SERGEANT COREY ARMSTRONG, *et al.*,

       Defendants.

_____/

## REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTION FOR FEES

This matter is before the Court on Sergeant Rikelle Chariste Huggins's, Sergeant Toi Levy's, and Warden Glenn Morris's (collectively, "Defendants") motion for fees. [D.E. 50]. James Thomas ("Plaintiff") responded to Defendants' motion on August 5, 2020 [D.E. 52] to which Defendants did not reply and the time to do so has now passed. Therefore, Defendants' motion is now ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Defendants' motion for fees should be **DENIED**.[1]

---

[1]    On August 3, 2020, the Honorable Kathleen Williams referred Defendants' motion for fees to the undersigned Magistrate Judge for disposition. [D.E. 51].

## *I.  ANALYSIS*

On September 11, 2019, Plaintiff filed this action under 42 U.S.C. § 1983 with allegations that Defendants violated his constitutional rights when they undertook excessive force against him as an inmate at Miami-Dade's Correctional Institution.  Defendants filed motions to dismiss on June 1, 2020 [D.E. 31-33] and, rather filing a response, Plaintiff filed a notice of voluntary dismissal with prejudice.  [D.E. 41].  The Court then dismissed Plaintiff's claims against these Defendants.  [D.E. 42].

Since that dismissal, Defendants seek fees against Plaintiff because, from the beginning of this case, Plaintiff's claims were both frivolous and unreasonable. Defendants argue that Plaintiff failed to allege that they participated in any use of force or any other facts in support of his conclusory allegations.  Defendants suggest that Plaintiff's complaint has wasted both time and resources in defending themselves against this frivolous action and that, pursuant to 42 U.S.C. § 1988, they are entitled to fees.  Therefore, Defendants request a fee award of $3,600 as a reasonable amount in defending this action.

A district court may in its discretion award attorneys' fees to a prevailing defendant in an action under 42 U.S.C. § 1983 upon a finding that the plaintiff's lawsuit "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  *Hughes v. Rowe,* 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n,* 434 U.S.

412, 421 (1978)). With respect to a fee award, the Supreme Court has instructed that:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg Garment Co.*, 434 U.S. at 421–22.

In determining whether a suit is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting *Jones v. Texas Tech University,* 656 F.2d 1137, 1145 (5th Cir. 1981)). Determinations are to be made on a case-by-case basis and factors considered important in such a determination include "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id.* "In cases where the plaintiffs introduced evidence sufficient to support their claims, findings of frivolity typically do not stand." *Id. See also O'Neal v. DeKalb Cty., Ga.*, 850 F.2d 653, 658 (11th Cir. 1988) ("Simply because the district court

granted the defendants' motion for summary judgment does not mean that the plaintiffs' action was frivolous.").

Here, Defendants' motion is unpersuasive because – as Plaintiff explained in his response – the reason Plaintiff included Defendants in this case is because they provided an alternative way for Plaintiff to state a claim.  The gravamen of Plaintiff's lawsuit has always been directed against a separate individual, Sergeant Corey Armstrong ("Sergeant Armstrong"), but the latter initially refused to respond to any court orders or discovery requests.  So, Plaintiff pursued his claims against these Defendants because they knew that Sergeant Armstrong filed false disciplinary reports.  And their knowledge of Sergeant Armstrong's misconduct gave rise to a separate cause of action – meaning this case could go forward even if Sergeant Armstrong refused to appear as a defendant in this action.  Now that Sergeant Armstrong's non-responsiveness is no longer an issue (because he seeks to file a response to Plaintiff's complaint), Plaintiff agreed to dismiss his claims against these Defendants with prejudice.

Defendants nonetheless complain that Plaintiff's lawsuit was frivolous and lacked any foundation.  But, Defendants point to nothing to support that position. Instead, the record shows that Plaintiff made a strategic decision to file a complaint to state a claim because – if these Defendants were aware that Sergeant Armstrong filed false disciplinary reports – then they could be liable for entirely separate reasons.  Defendants reason that the premature dismissal is evidence that Plaintiff's claims lacked merit.  That contention is unavailing because, if anything,

4

the record shows that Plaintiff's allegations had merit and that he chose to dismiss these Defendants not because his claims were frivolous but because he wanted to pursue this case against the correctional officer who caused him actual harm. Therefore, in the absence of any other evidence that Plaintiff's complaint was either frivolous, unreasonable, or without foundation, Defendants' motion for fees should be **DENIED**.

## II.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' motion for fees [D.E. 50] be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 31st day of August, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge